IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. ABBOTT, JR.,<br>#280 779, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:14-CV-27-WHA |
| | ) | [WO] |
| HOUSTON COUNTY ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate incarcerated at the Ventress Correctional Facility in Clayton, Alabama, filed this *pro se* 42 U.S.C. § 1983 action on January 8, 2014, against Houston County, Alabama.[1] He challenges the provision of medical treatment received for an injury he sustained while incarcerated at the Houston County Jail in Dothan, Alabama. Plaintiff requests trial by jury, damages, and any additional relief the court deems proper and equitable.

Upon review of the complaint, the court concludes that dismissal of this case prior to

---

[1] Although the Clerk stamped the present complaint "filed" on January 13, 2014, the complaint was signed by Plaintiff on January 8, 2014. A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Abbott] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers January 8, 2014, as the date of filing.

service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

## I. FACTS

According to the complaint, Plaintiff was arrested on July 14, 2011, and placed in the Houston County Jail.  On November 1, 2011, another inmate attacked Plaintiff, causing a bicep tendon rupture to his right arm.  He was seen by medical personnel on November 2, 2011, who referred him to see the jail's physician. The physician examined Plaintiff on November 9, 2011, and found that surgery within the week was necessary to prevent permanent disability to Plaintiff's arm. Plaintiff had an appointment with an orthopedic surgeon the next day in order to schedule surgery. However, on November 10, 2011, Plaintiff, who at the time was a State inmate awaiting transport to a State facility, was transferred to the Kilby Correctional Facility.  Plaintiff states that upon arrival at Kilby he advised a doctor about his arm but was informed that the facility had no record of his injury and indicated that "it was the county's problem, not theirs."  Plaintiff that maintains his arm was never fixed, which has not only caused him to experience a fifty percent loss of strength in his right arm, but also numbness, uncontrollable muscle spasms, and  constant pain. *See Doc. No. 1, Attachment, & Exhs. A-F.*

## II. DISCUSSION

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff files this complaint against Houston County. Section 1983, however, imposes liability on a municipality, such as Houston County, only if it deprives a plaintiff of rights protected by the Constitution or federal law pursuant to an official municipal policy. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690-91 (1978). Additionally, governmental entities, such as Houston County, cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior. See Id.* at 694; *Canton v. Harris,* 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under § 1983." (emphasis in original)). A review of the complaint reflects that Plaintiff does not sue Houston County for any policy, practice or custom that violated his civil rights, nor can the county be liable under § 1983 simply because it employs a alleged tortfeasor. *See Monell*, *supra*. Consequently, Plaintiff's claims against Houston County are not viable in this action. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Even had Plaintiff named a proper defendant to his complaint, the complaint is nonetheless subject to dismissal as it is filed beyond the applicable statute of limitation. As the actions about which Plaintiff complains occurred in November 2011, it is clear from the face of the complaint that Plaintiff's claims relating to the provision of medical care for his injured arm are barred by the statute of limitations.

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42

3

U.S.C. § 1983.  *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled.  *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). . . .  Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose.  *Tyson v . Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar.  *Ala. Code* § 6-2-38(l).  *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

The actions about which Plaintiff complains occurred in November 2011. That portion of the tolling provision which previously applied to convicted prisoners was rescinded by the Alabama legislature on May 17, 1996.  *See Ala. Code* § 6-2-8(a) (1975, as amended).[3] Consequently, the applicable statute of limitations expired on the claims arising from Plaintiff's alleged untimely and inadequate medical treatment in November 2013.  Plaintiff filed the instant complaint on January 8, 2014.  This filing, with respect to his claims, was

---

[3]The 1996 amendment, effective May 17, 1996, removed imprisonment as a disability entitled to protection under the tolling provision.  In its pre-amendment form, the statute provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . ." *Ala. Code* § 6-2-8(a)(1975).

more than one month after the applicable limitations period had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under § 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id.* at n.2. In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id.*

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no

5

legal basis on which to proceed, as this action, with respect to those claims related to his claims of delayed and inadequate medical care in November 2011, is brought more than two years after the violations about which he complains accrued.[4]  In light of the foregoing, the court concludes that Plaintiff's complaint is  barred by the applicable statute of limitations and, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

The court notes Plaintiff's assertions in the attachment to his complaint that he took his lawyer's advice to wait until all of his criminal charges were "taken care of" prior to filing suit against Defendant Houston County, Alabama. He further contends that in April 2013 he and his family began efforts to obtain his medical records from the Houston County Jail.  After making many attempts to obtain these records, Plaintiff maintains that the jail finally provided them on October 26, 2013. *Doc. No. 1, Attachment* at 2.

To the extent Plaintiff's request that the court accept his complaint "for being late" is a request to invoke equitable tolling of the limitation period, case law directs that a federal limitation period "may be equitably tolled" when a plaintiff "untimely files because of ***extraordinary circumstances*** that are both beyond his control and unavoidable with diligence." *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added);

---

[4] The court notes Plaintiff's contention that after his transfer to state custody his arm was never "fixed."  In the event that Plaintiff wishes to challenge the provision of medical care he has received while in the custody of the Alabama Department of Corrections, he is free to file another civil action with respect to any such claims which occurred within two years of the filing of a new complaint.

*see also Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The plaintiff bears the burden of showing that such extraordinary circumstances exist. *Justice [v. United States],* 6 F.3d [1474, 1479 (11th Cir. 1993) ]. In determining whether a plaintiff meets this burden, we must keep in mind that '[equitable] tolling is an extraordinary remedy which should be extended only sparingly.' *Id.* (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457-58, 112 L .Ed.2d 435 (1990))." *Arce v. Garcia,* 434 F.3d 11254, 1261 (11th Cir. 2006).

In the instant matter, the court finds that Plaintiff has not shown any extraordinary circumstances beyond his control and unavoidable with the exercise of diligence which warrant equitable tolling of the limitation period. The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles, and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period.  *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (a petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable

tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5ᵗʰ Cir.1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11ᵗʰ Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling."). Further, Plaintiff's decision to take his counsel's advice to delay filing suit against Defendant until his criminal charges were taken care of fails to establish any impediment to his ability to file a timely complaint in this court. *See Pugh v. Smith,* 465 F.3d 1295, 1300-01 (11ᵗʰ Cir .2006); *Steed,* 219 F.3d at 1300.

Here, Plaintiff concedes knowledge of the challenged medical care, or lack thereof, at the time these events occurred. Thus, this court "cannot say that [Plaintiff] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew,* 297 F.3d at 1291 n. 5. Consequently, Plaintiff is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to warrant this action.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.    The § 1983 claims presented against Defendant Houston County, Alabama, be DISMISSED with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(i);

2.    Plaintiff's challenge to the constitutionality of medical care he received on or

before November of 2011 be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as this claim is not filed within the time prescribed by the applicable period of limitations;

3.  This case be DISMISSED prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that  on or before **February 27, 2014**, Plaintiff may file an objection to the   Recommendation.  Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 13th day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE